# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAVID JOHN MARSHALL,

      Plaintiff,

    v.                                                       Case No. 07-C-960

MATTHEW KRZOSKA and
CHAD MELBY,

      Defendants,

## DECISION AND ORDER

Plaintiff David Marshall, who is presently confined at the Outagamie County Jail (OCJ), lodged a pro se a civil rights complaint under 42 U.S.C. § 1983. This matter comes before me on plaintiff's petition to proceed in forma pauperis.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed in forma pauperis. To proceed with an action in forma pauperis, the prisoner must complete a petition and affidavit to proceed in forma pauperis and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.

In this case, plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. The prisoner was

assessed an initial partial filing fee of $13.33. However, by order of November 9, 2007, I permitted plaintiff to proceed without payment of the initial partial filing fee. Marshall v. Krzoska, Case No. 07-C-960 (E.D. Wis. Nov. 9, 2007) (Docket #5).

I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). I may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, __ U.S. __, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, I must accept as true all of the factual allegations

2

contained in the complaint. Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). There is no heightened pleading requirement for pro se prisoner civil rights complaints. Thomson v. Washington, 362 F.3d 969, 970-71 (7th Cir. 2004). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." Id. at 970.

To state a claim for relief under 42 U.S.C. § 1983, plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States, and 2) the deprivation was visited upon him by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). I am obliged to give a plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. See Erickson, 127 S. Ct. at 2200 (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

The complaint reveals that plaintiff, a pretrial detainee, is presently confined at the OCJ and has named two defendants in his verified complaint: Matthew Krozka, an Outagamie County Sheriff's Deputy, and Chad Melby, a police officer for the City of Appleton.[1]

According to the complaint, on July 6, 2007, plaintiff was backing out of a parking stall in the Northland Shopping Center when Officer Chad Melby opened his passenger door in order to gain access to the vehicle. He states that he did not give Officer Melby permission

---

[1] Plaintiff does not specify whether he is suing the defendants in their individual capacity, official capacity or both. However, because the complaint does not contain any allegations regarding a custom or policy of a governmental entity, the court will construe his claims as individual capacity claims only. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978); Hossman v. Blunk, 784 F.2d 793, 796-97 n.6 (7th Cir. 1986) (to state an official capacity claim under Section 1983, plaintiff was obligated to set forth a "specific pattern or series of incidents" which demonstrate in a more generalized sense the existence of a policy or custom).

3

to open or to search his vehicle and he was not under arrest at the time. He attests that he was then "shot at 'point blank range'" by Deputy Krzoska in his right arm and in his upper chest despite the fact that he was unarmed and had not committed a crime.[2] The bullet is still lodged in plaintiff's lungs, and he avers that he will never have full use of his right arm.

Plaintiff maintains that the defendants' conduct violated his constitutional rights under the First, Fourth, Fifth, Eighth and Fourteenth Amendments. As relief, plaintiff seeks compensatory damages in the amount of "20 million[] dollars" and punitive damages in the amount of "100 million dollars" from each defendant. (Complaint at 7.)

As the court reads the complaint, the plaintiff appears to be alleging that Officer Melby's entrance and search of his car violated his rights under the Fourth Amendment, and that being shot by Deputy Kzroska constituted excessive force in violation of the Eighth Amendment.

**A. Unlawful Search Claim**

Plaintiff's unlawful search claim implicates his rights under the Fourth Amendment which protects individuals from unreasonable searches and seizures. See Beck v. Ohio, 379 U.S. 89, 91 (1964); Haywood v. City of Chicago, 378 F.3d 714 (7th Cir. 2004). However, the existence of probable cause is an absolute bar to unlawful search claims under § 1983. Morfin v. City of East Chicago, 349 F.3d 989, 997 (7th Cir. 2003); Fernandez v. Perez, 937 F.2d 368, 370 (7th Cir. 1991); Schertz, 875 F.2d at 582.

---

[2] The court's own research reveals that criminal charges (two counts of "2nd degree recklessly endangering safety" in violation of Wis. Stats. § 941.30(2)) have been brought against plaintiff based on the events that occurred on July 6, 2007. See State of Wisconsin v. David Marshall, 2007-CF-000609. A preliminary hearing is set in that case for December 7, 2007.

I believe that the plaintiff's allegations are sufficient to state an unlawful search claim. He alleges that he was not under arrest when Officer Melby entered and searched his car, he did not give permission for the search, and there was no probable cause for the search. Accordingly, the plaintiff may proceed with his unlawful search claim against Officer Melby.[3]

**B. Excessive Force Claim**

Because plaintiff was a pretrial detainee at the time of the alleged events, his excessive force allegations are governed by the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment. Graham v. Connor, 490 U.S. 386, 395 n.10 (1989) ( the Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment); Cavalieri v. Shepard, 321 F.3d 616, 620 (7th Cir. 2003). However, the Supreme Court has stated that the due process clause provides protections to pretrial detainees that are "at least as great as the Eighth Amendment protections available to a convicted prisoner." City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 244 (1983). Thus, deliberate indifference is the applicable standard in § 1983 cases alleging excessive force. Proffitt v. Ridgway, 279 F.3d 503, 506 (7th Cir. 2002); see also Haas v. City of Milwaukee, 2006 WL 1049624 (E.D. Wis. Apr. 18, 2006).

---

[3] At this point in the proceedings, the court does not believe that plaintiff's Fourth Amendment unlawful search claim is barred by Heck v. Humphrey, 512 U.S. 477 (1994) (bars civil actions seeking damages where a decision in favor of the plaintiff would necessarily imply the invalidity of the plaintiff's conviction or sentence unless the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus" under 28 U.S.C. § 2254). In general, unreasonable search claims and similar Fourth Amendment claims are not barred under Heck because such claims do not necessarily imply the invalidity of a criminal conviction. See Booker v. Ward, 94 F.3d 1052, 1056 (7th Cir. 1996) ("one can have a successful wrongful arrest claim and still have a perfectly valid conviction"); Copus v. City of Edgerton, 151 F.3d 646, 648 (7th Cir. 1998) (unreasonable search) (citing Heck, 512 U.S. at 487 n.7).

In determining whether a defendant acted with deliberate indifference in applying force, the Seventh Circuit has held that a fact finder may rely on objective factors. Wilson v. Williams, 83 F.3d 870, 876 (7th Cir. 1996) (in excessive force cases, a jury may properly rely on objective factors to arrive at the determination of intent). Generally, these factors include the need for an application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, the efforts made to temper the severity of a forceful response, and the extent of the injury suffered by the prisoner. Hudson v. McMillian, 503 U.S. 1, 7 (1992); DeWalt v. Carter, 224 F.3d 607, 619 (7th Cir. 2000). With respect to the last factor, "while significant injury is not required, a claim ordinarily cannot be predicated upon a de minimus use of physical force." Hudson, 503 U.S. at 9-10. Thus, "not every push or shove by a prison guard violated a prisoner's constitutional rights." See id. at 9 (citing Johnson v. Glick, 481 F.2d 1028, 1033 [2d. Cir. 1973]).

I find that, accepting plaintiff's statements that he was shot by Deputy Kzroska for no apparent reason as true, the complaint states a claim of excessive force under the Due Process Clause.

**C. Remaining Claims**

The plaintiff also cites the Fifth Amendment and First Amendment as being implicated in this case. The Fifth Amendment protects individuals from being deprived of life, liberty or property without due process of law by the federal government. Caldwell v. Miller, 790 F.2d 589, 602 (7th Cir. 1986); Jones v. Burton, 2005 WL 2373859 (W.D. Wis. Sept. 26, 2005) (unpublished). Here, the defendants are not federal officers but rather are municipal and county employees. Thus, plaintiff's Fifth Amendment claim will be dismissed.

6

Moreover, none of plaintiff's allegations suggest that his First Amendment rights were violated. In general, the First Amendment protects a citizen's right to discuss all matters of public concern (free speech), to join together to petition the government for redress (petition), and to gather in public places for social, religious or political purposes (assembly). First Nat'l Bank of Boston v. Bellotti, 435 U.S. 765, 776 (1978); United Mine Workers v. Illinois Bar Ass'n, 389 U.S. 217, 221 (1967); Coates v. Cincinnati, 402 U.S. 611, 615 (1971); Currier v. Baldridge, 914 F.2d 993, 995 (7th Cir.1990). Even liberally construed, the plaintiff has not alleged facts allowing the inference that his rights to free speech, petition or assembly have been violated. Therefore, plaintiff has failed to state a First Amendment claim.

**For the foregoing reasons,**

**IT IS ORDERED** that plaintiff's motion for leave to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's Fifth and First Amendment claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A and 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the defendants pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has

7

not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS FURTHER ORDERED** that defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the Warden of the OCJ or his designee shall collect from the plaintiff's prison trust account the $350.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the Warden of the OCJ and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to the defendant or to her attorney.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the

8

Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 17 day of December, 2007.

/s_____
LYNN ADELMAN
District Judge