DAVID JOHN MARSHALL,

       **Plaintiff,**

      v.                                                                                     **Case No. 07-C-960**

**MATTHEW KRZOSKA and
CHAD MELBY,**

       **Defendants,**

## DECISION AND ORDER

Plaintiff David Marshall, who is presently confined at the Dodge Correctional Institution, lodged a pro se a civil rights complaint under 42 U.S.C. § 1983. By order of December 17, 2007, I granted plaintiff's motion to proceed in forma pauperis and allowed him to proceed on his Fourth Amendment unlawful search claim against Officer Melby and excessive force claim against Deputy Krzoska. Marshall v. Krzoska, Case Number 07-C-960 (Dec. 17, 2007) (Docket # 6). Plaintiff's First Amendment and Fifth Amendment claims were dismissed pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Id. Thereafter, by order of January 16, 2008, I granted plaintiff leave to file an amended complaint within 20 days of the date of that order and denied his motion for the appointment of counsel. (Docket # 14.) This matter comes before me on plaintiff's renewed motion for the appointment of counsel.[1]

---

[1] Plaintiff also filed a motion requesting an extension of time to file his amended complaint, but has since filed what appears to be an amended complaint in a timely manner. Therefore, I will deny plaintiff's motion for an extension of time as moot.

On January 29, 2008, plaintiff filed a renewed motion seeking the court's assistance in obtaining counsel under 28 U.S.C. § 1915(e)(1).[2] Although civil litigants do not have a constitutional or statutory right to appointed counsel, I have the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007); Luttrell v. Nickel, 129 F.3d 933, 936 (7th Cir. 1997) (citing Zarnes v. Rhodes, 64 F.3d 285, 288 (7th Cir. 1995)). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. Pruitt, 503 F.3d at 654; Zarnes, 64 F.3d at 288. Once this threshold burden has been met, the court must address the following question: given the difficulty of the case, does this plaintiff appear competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. Pruitt, 503 F.3d at 654-655 (citing Farmer v. Haas, 990 F.2d 319, 322 (7th Cir. 1993)).

I denied plaintiff's first motion for the appointment of counsel because I concluded that he had failed to meet his threshold burden. In his renewed motion, plaintiff has shown that attempts have been made to obtain legal counsel but they have been unsuccessful. Specifically, plaintiff has provided the court with copies of letters from the American Civil Liberties Union of Wisconsin Foundation and two private law firms supporting his claim that his personal efforts to secure counsel have been unsuccessful. He also lists in his motion six other law firms that he has contacted regarding legal representation and each of these firms has either denied his request or has not written back to him. Thus, I find that plaintiff has met his threshold burden. Zarnes, 64 F.3d at 288.

---

[2] Plaintiff's previous motion was denied by order of January 16, 2008 (Docket # 14.)

Nevertheless, at this early stage of the proceedings, plaintiff appears competent to try the case himself. Plaintiff does not provide any evidence which suggests that his "literacy, communication skills" or "educational level" prevent him from coherently presenting his case. See Pruitt, 503 F.3d at 655. Further, submissions made by plaintiff to date have been articulate and comprehensible, indicating that he is able to litigate his case. In plaintiff's previous letter request for the appointment of counsel, plaintiff stated that he does not "know anything about Civil Law or procedure" and that "somebody" told him that once his case was "'granted'" the court would provide him with an attorney. (Docket #8.) However, such assertions do not establish that plaintiff is less competent than any average pro se litigant to try the case himself. See Hudson v. McHugh, 148 F.3d 859, 862-63 n.1 (7th Cir. 1998) (decision not to appoint counsel was reasonable in Eighth Amendment case involving "tricky issues of state of mind and medical causation" where the litigant appeared "as competent as any average pro se litigant").

This is an action involving claims of unlawful search and excessive force incident to arrest. At this stage of the proceedings, I do not believe (nor has plaintiff shown) that the factual and legal difficulty of plaintiff's claims involve unusually complex issues. Cf. Zarnes, 64 F.3d at 289 n. 2 (counsel is often necessary when a case involves complex medical evidence). Therefore, plaintiff's renewed motion for the appointment of counsel will be denied, without prejudice.

**For the foregoing reasons,**

**IT IS THEREFORE ORDERED** that plaintiff's letter request for an extension to file his amended complaint (Docket # 17) is **DENIED** as moot.

3

**IT IF FURTHER ORDERED** that plaintiff's renewed "Motion for the Appointment of Counsel" (Docket #18) is **DENIED**, without prejudice.

Dated at Milwaukee, Wisconsin, this 27 day of February, 2008.

/s_____
LYNN ADELMAN
District Judge