UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID JOHN MARSHALL,
    Plaintiff,

    v.                                           Case No. 07-C-960

MATTHEW KRZOSKA and
CHAD MELBY,
    Defendants,

## DECISION AND ORDER

Plaintiff David Marshall, who is presently confined at the Winnebago County Jail, lodged a pro se a civil rights complaint under 42 U.S.C. § 1983. By order of December 17, 2007, I granted plaintiff's motion to proceed in forma pauperis and allowed him to proceed on his Fourth Amendment unlawful search claim against Officer Melby and a Fourth Amendment excessive force claim against Deputy Krzoska. Marshall v. Krzoska, Case Number 07-C-960 (Dec. 17, 2007) (Docket # 6). Plaintiff's First Amendment and Fifth Amendment claims were dismissed pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Id. Thereafter, by order of January 16, 2008, I granted plaintiff leave to file an amended complaint within 20 days of the date of that order. (Docket # 14.) Plaintiff filed an amended complaint on February 4, 2008.

I must screen the amended complaint, which is now the operative complaint in this action. See 28 U.S.C. §1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). I may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, I must accept as true all of the factual allegations contained in the complaint. Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." Thomson v. Washington, 362 F.3d 969, 970 (7th Cir. 2004).

To state a claim for relief under 42 U.S.C. § 1983, plaintiffs must allege: (1) that they were deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was visited upon them by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). I am obliged to give a plaintiff's pro se

2

allegations, however inartfully pleaded, a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Like the original complaint, the amended complaint contains the following allegations against Matthew Krozka, an Outagamie County Sheriff's Deputy and Chad Melby, a police officer for the City of Appleton. Plaintiff was backing out of a parking stall in the Northland Shopping Center after leaving a Festival Foods store when Officer Chad Melby opened his passenger door in order to gain access to the vehicle. He states that he did not give Officer Melby permission to open or to search his vehicle and there was no probable cause for the search. He attests that he was then "shot at 'point blank range'" by Deputy Krzoska in his right arm and in his upper chest despite the fact that he was unarmed and had not committed a crime.[1] See Am. Compl. at 2 (Doc. # 20). The bullet is still lodged in plaintiff's lung, and he avers that he will never have full use of his right arm. In addition, plaintiff's amended complaint contains new factual allegations supporting his original claims. For instance, he alleges that in an attempt to establish probable cause, the two defendants gave false testimony at his preliminary hearing suggesting that a store employee had informed them that plaintiff had left the store with something in his pocket without paying for the item.

Plaintiff maintains that the defendants' conduct violated his constitutional rights under the Fourth, Sixth and Fourteenth Amendments. As relief, plaintiff seeks "[i]rrepairable [sic]

---

[1] The court's own research reveals that criminal charges (two counts of "2nd degree recklessly endangering safety" in violation of Wis. Stat. § 941.30(2)) have been brought against plaintiff based on the events that occurred on July 6, 2007. See State of Wisconsin v. David J. Marshall, 2007-CF-000609. A pre-trial conference is set for April 8, 2008, and a jury trial is scheduled to commence on May 7, 2008.

3

damage in the amount of 20 millions dollars" and punitive damages in the amount of "100 million dollars" from each defendant. Am. Compl. at 5.

As noted in my order of December 17, 2007, screening the original complaint, these allegations are sufficient to state a Fourth Amendment unlawful search claim against Officer Melby and a Fourth Amendment excessive force claim against Deputy Krzoska. Thus, plaintiff may proceed on these claims.

Additionally, the amended complaint alleges that defendants wrongfully arrested plaintiff without probable cause in violation of the Fourth Amendment. Whether plaintiff's arrest was valid depends on whether defendants had probable cause to execute the arrest. Beck v. Ohio, 379 U.S. 89, 91 (1964); see also Mustafa v. City of Chicago, 442 F.3d 544, 547 (7th Cir.2006) (the existence of probable cause precludes a § 1983 suit for false arrest). However, at this stage, plaintiff may proceed with this claim.

As to plaintiff's new allegations claiming that defendants' falsely testified on the subject of probable cause at a preliminary hearing, to the extent plaintiff is claiming that the alleged perjured testimony alone is a violation of his constitutional rights, defendants are immune from liability for such a claim. See Curtis v. Bembenek, 48 F.3d 281, 282 (7th Cir. 1995) (holding that an officer who testifies during a preliminary hearing is absolutely immune from § 1983 liability). Additionally, plaintiff has not yet been convicted, nor has he pled guilty to the charges stemming from the events that occurred on July 6, 2007. Thus, plaintiff cannot claim that the false testimony led to his conviction or coerced a guilty plea. Moreover, such a claim would be barred by Heck v. Humphrey, 512 U.S. 477, 481-82 (1994); Holly v. Boudreau, No. 04-1899, 2004 WL 1435210, at *2 (7th Cir. June 25, 2004) (unpublished) (claim that altered police report coerced plaintiff's guilty plea is barred by

4

Heck), as would any Sixth Amendment claim that his attorney was ineffective for failing to use the false testimony in some capacity to aid his defense, id. Nor has plaintiff stated a claim for malicious prosecution, as the proceedings have not terminated in his favor. Curtis, 48 F.3d at 285-86. Perhaps plaintiff's allegations have been offered to counter any contention by the defendants that probable cause existed for plaintiff's arrest. However, such allegations do not give rise to any additional constitutional violation. Thus, for the reasons stated above, the claim based on defendants' testimony given at the preliminary hearing will be dismissed.[2]

**IT IS THEREFORE ORDERED** that the Sixth Amendment claim is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A and 1915(e)(2)(B).

**IT IS FURTHER ORDERED** the plaintiff shall serve a copy of the amended complaint upon the defendants pursuant to Rule 5(a), Federal Rules of Civil Procedure, within 20 days of the date of this decision and order.

**IT IS FURTHER ORDERED** that the defendants shall file a responsive pleading to the complaint within 10 days from service of the amended complaint pursuant to Rule 15(a)(3), Federal Rules of Civil Procedure.

Dated at Milwaukee, Wisconsin, this 1 day of April, 2008.

/s
LYNN ADELMAN
District Judge

---

[2] The plaintiff has not attempted to sue his attorney, nor has he alleged that his attorney conspired with state actors in order to sue his attorney under § 1983.

5

Case 2:07-cv-00960-WCG   Filed 04/01/08   Page 5 of 5   Document 33